DENNIS K. BURKE
United States Attorney
District of Arizona

SABRINA D. DECOSTA
Special Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 022409
Telephone (602) 514-7500
Sabrina.DeCosta@usdoj.gov

___ FILED  ✓ LODGED
___ RECEIVED  ___ COPY

FEB 1 8 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

　　　　Plaintiff,

　　v.

Cavalry Arms Corporation
aka: Calvary Arms Corporation, *suu*
*An Arizona Corporation*
　　　　Defendant.

CR '10 0207 PHX NVW

**PLEA AGREEMENT**

Plaintiff, United States of America and the defendant, CAVALRY ARMS CORPORATION, hereby agree to dispose of this matter on the following terms and conditions:

**1.　PLEA**

The defendant will plead guilty to the information charging the defendant with a violation of 18 U.S.C. Sections 922(b)(3) and 924(a)(1)(D), Illegal Sale by Federally Licensed Dealer to an Out-of-State Resident, a class D felony offense.

**2.　MAXIMUM PENALTIES**

　　a.　A violation of 18 U.S.C. Sections 922(b)(3) and 924(a)(1)(D), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 5 years, or both, and a term of supervised release of up to 3 years.

　　b.　According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

<u>Stipulation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that:

a. the defendant holds Federal Firearms Licensee no. 9-86-013-07-9K-00122, Cavalry Arms Corporation, 723 West Commerce Avenue, Suite A, Gilbert, Arizona 85233.

b. the defendant agrees that it shall cease all licensed activities not later than 4:00 p.m. on March 3, 2010.

c. the defendant agrees that it shall not manufacture or otherwise acquire any firearms in any manner from the date of this agreement to March 3, 2010.

d. the defendant agrees that it shall use its best good faith efforts to sell or otherwise dispose of all firearms in its inventory prior to March 3, 2010. The defendant further agrees that, with respect to any firearms remaining in its inventory on March 3, 2010, it shall sell said

firearms to a Federal firearms dealer or transfer said firearms to a Federal firearms dealer for sale on consignment by close-of-business not later than 4:00 p.m. on March 3, 2010.

  e. the defendant agrees that it will continue to follow all laws and regulations relating to Federal firearms manufacturers/dealers to and including March 3, 2010, including (but not limited to) obtaining and completing Forms 4473, conducting background checks and recording disposition information in its acquisition and disposition book. This shall include recording required disposition information in its acquisition and disposition book with respect to the sale of all firearms remaining in its inventory for a Federal firearms dealer or the transfer of said firearms to a Federal firearms dealer for consignment sale as noted in the above paragraph.

  f. the defendant agrees to surrender any and all of its Federal firearms licenses and deliver all required records to the ATF Office at 201 E. Washington Street, Suite 940, Phoenix, Arizona 85004 no later than 4:00 p.m. on March 3, 2010. The defendant shall contact Special Agent Jin Chah of ATF, Long Beach, California at (562) 388-0250 or via email at jin.chah@atf.gov prior to the expiration date and time to arrange for the surrender.

  g. the defendant shall not hereinafter make application for a Federal license to engage in the business of importing, manufacturing, or dealing in firearms or ammunition either in its own name or as an entity possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of a corporation, partnership, or association.

  h. the defendant shall not hereinafter engage in the business of importing, manufacturing or dealing in firearms or ammunition either in its own name or as an entity possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of a corporation, partnership, or association.

  i. the defendant shall pay a fine in the amount of $10,000.00.

## 4.  AGREEMENT TO DISMISS OR NOT TO PROSECUTE

  a. This office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States, in connection with violations of 18 U.S.C. Section 922(b)(3) (Illegal Sale by Federally Licensed Dealer to an Out-of-State Resident).

b.   This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

### 5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

### 6.   WAIVER OF DEFENSES AND APPEAL RIGHTS

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7. **DISCLOSURE OF INFORMATION**

    a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

    b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. <u>This agreement does not resolve the pending civil forfeiture matter in CIV-08-01946-PHX-JMS</u>. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

    **Illegal Sale by Federally Licensed Dealer to an Out-of-State Resident**

On or about September 20, 2005, through on or about September 1, 2007, in the District of Arizona:

    1.    The defendant was licensed to deal, import, manufacture or collect firearms;

    2.    The defendant willfully sold or delivered a firearm to another person; and

3. The defendant knew or had reasonable cause to believe that the person to whom he sold or delivered the firearms did not reside in the state in which the licensee's business was located.

**10. FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt: On or about September 20, 2005, through on or about September 1, 2007, CAVALRY ARMS CORPORATION, located at 723 West Commerce Avenue, Gilbert, Arizona, being a licensed dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully sell to CHRISTOPHER PATRICK MATHWIG, thirty-six (36) firearms, that is:

| Manufacturer | Model | Caliber | Type | Serial Number |
|---|---|---|---|---|
| 1. Glock | 17 | 9mm | Pistol | CUL274US |
| 2. Cavalry Arms Corporation | CAV-15 | .223 | Rifle | C-1035 |
| 3. Ruger | SP101 | 38 | Pistol | 570-34493 |
| 4. Colt | 1911 | .45 | Pistol | SG05599E |
| 5. Glock | 34 | 9mm | Pistol | HKM829 |
| 6. Mossberg | 500A | 12 gauge | Shotgun | R705977 |
| 7. Smith & Wesson | Model 10 | .38 | Revolver | 60235 |
| 8. Henry Repeating Arms | Golden Boy | .22 | Rifle | GB126578 |
| 9. Smith & Wesson | M617 | .22 | Pistol | CJS5725 |
| 10. Glock | 19 | 9mm | Pistol | HYK716 |
| 11. Remington Arms | 700 LTR | .308 | Rifle | G6578461 |
| 12. Ameetec Arms | WM-15 | .223 | Rifle | AM000891 |
| 13. Springfield Armory | 1911A1 | .45 | Pistol | NM200874 |
| 14. Glock | 19 | 9mm | Pistol | HRL747 |
| 15. Ruger | Mini-14 | .223 | Rifle | 580-08991 |
| 16. Mossberg | 590 | 12 gauge | Shotgun | R636941 |

| | | | | | |
|---|---|---|---|---|---|
| 1 | 17. Ruger | Model 10/22 | .22 | Rifle | 11343774 |
| 2 | 18. Smith & Wesson | M625 | .45 | Revolver | CJD9770 |
| 3 | 19. Cavalry Arms Corporation | CAV-15 | .223 | Rifle | SUR0075 |
| 4 5 | 20. Cavalry Arms Corporation | CAV-15 | .223 | Rifle | SEBR-242 |
| 6 | 21. Colt | Single Action Army | .45 | Revolver | S44526A |
| 7 8 | 22. Henry Repeating Arms | Golden Boy | .44 | Rifle | BB07126C |
| 9 | 23. Colt | Single Action Army | .45 | Revolver | S44524A |
| 10 11 | 24. Henry Repeating Arms | Golden Boy | .44 | Rifle | BB19160 |
| 12 | 25. Mossberg | 590 | 12 gauge | Shotgun | R818193 |
| 13 | 26. Ruger | Model 10/22 | .22 | Rifle | 350-12519 |
| 14 | 27. Ruger | Model 10/22 | .22 | Rifle | 350-13880 |
| 15 | 28. Glock | 19 | 9mm | Pistol | KVP409 |
| 16 | 29. Glock | 19 | 9mm | Pistol | KVP410 |
| 17 | 30. Glock | 19 | 9mm | Pistol | KVP411 |
| 18 | 31. Glock | 19 | 9mm | Pistol | KVP414 |
| 19 | 32. Glock | 19 | 9mm | Pistol | KVP418 |
| 20 | 33. Walther | PPK | .380 | Pistol | 1852BAH |
| 21 22 | 34. Century Arms International | WASR-10 | 7.62x39mm | Rifle | GT-2612-76 |
| 23 | 35. Century Arms International | WASR-2 | 5.45x39mm | Rifle | 218695-06 |
| 24 25 | 36. Henry Repeating Arms | Big Boy | .357 | Rifle | BB02713M |

26 27 28 knowing and having reasonable cause to believe that CHRISTOPHER MATHWIG, at the time of the sale, resided in the state of California and not in the state of Arizona in which the licensee's place of business was located.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

2-18-10
Date

SHAWN MICHAEL NEALON, Owner/CEO - Cav Arms Corp.
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and

that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2-18-10
Date

MARC J. VICTOR
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

2/18/10
Date

SABRINA D. DECOSTA
Special Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Date

United States District Judge

10